# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. RILEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Michael P. Riley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## PARTIES

3. Plaintiff, Michael P. Riley ("Plaintiff") is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank USA, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, PRA conducts business in Illinois.

7. Moreover, PRA is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8. In fact, PRA acts as a debt collection agency in Illinois.

9. Defendant, Blatt, Hasenmiller, Leibsker, & Moore LLC ("Blatt") is a collection law firm headquartered in the city of Chicago, engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a(6). Blatt is engaged in the business of collecting defaulted consumer debts in this State where it regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, and whose principal purpose is the collection of defaulted consumer debts using the mails and telephone.

10. In the year previous to the filing of this complaint, Blatt has filed more than 1000 collection lawsuits in the Cook County Circuit Court to collect defaulted consumer debts.

## **FACTUAL ALLEGATIONS**

11. According to PRA, Plaintiff incurred a debt for the purchase of goods and services used for personal purposes, originally for a Chase Bank USA, N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. According to PRA, it purchased the alleged debt after default.

13. Thereafter, PRA hired Blatt to collect the alleged debt from Plaintiff.

14. PRA authorized, directed and ratified Blatt's actions taken in connection with the collection of the alleged debt from Plaintiff.

15. On December 10, 2013, PRA filed a lawsuit to collect the alleged debt from Plaintiff in the Circuit Court of Cook County, Illinois, titled *Portfolio Recovery Associates, LLC v. Michael P. Riley*, Case No. 13 M1 168370 ("State Action"). (Exhibit C, Complaint).

16. Plaintiff does not owe the money PRA attempted to collect from him.

17. On January 14, 2014, Plaintiff caused a letter to be served on PRA indicating that he disputed owing the alleged debt, which PRA received on January 14, 2014. (Exhibit D, Letter).

18. PRA nonetheless continued to attempt to collect the alleged debt via litigation.

19. Plaintiff hired and paid counsel to represent him in the State Action.

20. On February 25, 2014, Plaintiff's counsel filed a Motion to Dismiss the State Action.

21. On March 10, 2014, Plaintiff's Motion was granted and PRA's complaint was dismissed with leave to replead. (Exhibit E, Order).

22. On April 28, 2014, PRA filed an Amended Complaint.

23. During the course of the State Action litigation, PRA refused to engage in discovery relating to its alleged ownership of the alleged debt, and the basis for its claim that Plaintiff owes the alleged debt. In fact, PRA refused to respond to any of the Interrogatories, Requests to Produce, and Requests to Admit served by Plaintiff.

24. On September 18, 2014, Plaintiff filed a Motion for Summary Judgment on the basis that he did not owe the obligation sought to be collected by PRA in the State Action.

25. On December 2, 2014, Plaintiff's Motion for Summary Judgment was granted, judgment was entered in favor of Plaintiff, and the State Action was dismissed with prejudice and "on the merits". (Exhibit F, Order).

26. On December 2, 2014, a judgment was entered in the State Action Court in favor of Plaintiff, confirming that he did not owe the alleged debt that PRA attempted to collect from Plaintiff.

27. Defendants' actions taken in connection with the collection of the alleged debt, detailed above and all taken within the last year, violated the FDCPA.

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> . . . **(2) The false representation of--**
> **(A) the character, amount, or legal status of any debt; or**
> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
>
> . . . **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

29. On and after January 14, 2014, PRA knew that Plaintiff had disputed that he owed the alleged debt, because Plaintiff had notified PRA of said dispute by letter received by PRA on January 14, 2014.

30. Even though PRA knew or should have known, on and after January 14, 2014, that Plaintiff did not owe the alleged debt, PRA repeatedly updated credit information that it was communicating to the Equifax, Experian, and TransUnion credit reporting agencies, on a monthly basis after receiving the letter from Plaintiff, so that Equifax, Experian, and TransUnion would report (and did report) that Plaintiff owed $35,173 to PRA, in violation of 15 U.S.C. § 1692e(8).

31. PRA and Blatt's efforts to collect the alleged debt, via letters sent to Plaintiff and litigation in the State Action, also violated 15 U.S.C. § 1692e(2), as Plaintiff did not owe the money Defendants attempted to collect from him.

32. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law…**

33. PRA and Blatt's efforts to collect the alleged debt, via letters sent to Plaintiff and litigation in the State Action, also violated 15 U.S.C. §§ 1692f and f(1), as there was no basis—legal nor contractual—which could support the collection of the alleged debt from Plaintiff.

34. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

35. PRA is liable for the acts and omissions of Blatt, committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT—PRA and BLATT

36. Plaintiff re-alleges paragraphs 1-35 as if set forth fully in this count.

37. PRA communicated false credit information, in violation of 15 U.S.C. § 1692e(8), when it communicated to the Equifax, Experian and TransUnion credit reporting agencies that Plaintiff owed $35,173.00 to PRA, when he did not owe said money to PRA.

38. PRA and Blatt falsely represented the character, amount, and legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2), when they falsely communicated to Plaintiff that he owed $35,173.00 to PRA, via acts taken in litigation and via letter.

39. PRA and Blatt unfairly attempted to collect an amount from Plaintiff neither authorized by any agreement creating the alleged debt, nor allowed by law, in

violation of 15 U.S.C. §§ 1692f and f(1), when they falsely attempted to collect $35,173.00 from Plaintiff, via acts taken in litigation and via letter.

40. Plaintiff suffered actual damages as the result of Defendants' actions, including financial loss and emotional distress.

WHEREFORE, Plaintiff, Michael P. Riley, asks that the Court enter judgment in his favor and against each Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT-PRA

41. Plaintiff incorporates paragraphs 1-40.

42. This claim is against PRA.

43. PRA is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

44. PRA holds an Illinois Collection Agency license.

45. PRA violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**. . . (26) Misrepresenting the amount of the claim or debt alleged to be owed.**

46. A private right of action exists for violation of the ICAA against Defendants. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

47. Plaintiff suffered actual damages as a result of PRA's actions, including loss of time and money by having to hire an attorney, and for having to file and pay for an Appearance and attorney fees in the State Action.

WHEREFORE, Plaintiff Michel P. Riley, asks that the Court enter judgment in his favor and against Defendant PRA, as follows:

  A. Compensatory and Punitive damages;

  B. Costs; and

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

The Law Office of M. Kris Kasalo, Ltd. By: /s/ M. Kris Kasalo
20 North Clark Street, Suite 3100    M. Kris Kasalo
Chicago, Illinois 60602
tel 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.