# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. RILEY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:14-cv-09819<br>) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) Judge James F. Holderman<br>)<br>)<br>) |
| Defendants. | )<br>) |

### DEFENDANT, PORTFOLIO RECOVERY ASSOCIATES, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., by its attorneys, David M. Schultz, Avanti D. Bakane and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER: Defendant objects to the allegations of paragraph 1 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant does not contest jurisdiction.**

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**ANSWER: Defendant admits venue is appropriate and that in certain circumstances and in certain instances, it transacts business in this District. Defendant denies any remaining allegations of paragraph 2 of Plaintiff's Complaint.**

## PARTIES

3. Plaintiff, Michael P. Riley ("Plaintiff") is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank USA, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER: Defendant objects to the allegations of paragraph 3 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant states that upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity of whether Plaintiff is a "consumer" or whether Defendant attempted to collect a "consumer debt" from Plaintiff as defined under the FDCPA because Defendant is without knowledge or information sufficient to form a belief as to purpose for which Plaintiff incurred the amount which it sought to collect. Defendant states that upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity of where Plaintiff currently resides. Defendant admits that it attempted to collect an account with an outstanding balance incurred by Michael Riley to Chase Bank USA, N.A. Defendant denies any remaining allegations of paragraph 3 of Plaintiff's Complaint.**

4. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

ANSWER: Defendant objects to the allegations of paragraph 4 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant states that upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity of whether it was acting as a "debt collector" as defined under the FDCPA with respect to Plaintiff because Defendant is without knowledge or information sufficient to form a belief as to purpose for which Plaintiff incurred the amount which it sought to collect. Defendant admits that it is a Delaware limited liability company. Defendant admits that in certain circumstances and in certain instances, it attempts to collect debts from consumers in Illinois. Defendant admits that in certain circumstances and in certain instances, it uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant denies that the remaining allegations of paragraph 4 of Plaintiff's Complaint accurately and completely characterize the nature and scope of its business.

5. PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

ANSWER: Defendant denies that the allegations of paragraph 5 of Plaintiff's Complaint accurately and completely characterize the nature and scope of its business.

6. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, PRA conducts business in Illinois.

ANSWER: Defendant admits that it is authorized to conduct business in Illinois. Defendant admits that it maintains a registered agent in Illinois. Defendant admits that in

**certain circumstances and in certain instances, it conducts business in Illinois. Defendant denies any remaining allegations of paragraph 6 of Plaintiff's Complaint.**

7. Moreover, PRA is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

**ANSWER: Defendant admits the allegations in paragraph 7 of Plaintiff's Complaint.**

8. In fact, PRA acts as a debt collection agency in Illinois.

**ANSWER: Defendant admits in certain circumstances and in certain instances it acts as a debt collection agency in Illinois. Defendant denies that the allegations of paragraph 8 of Plaintiff's Complaint accurately and completely characterize the nature and scope of its business.**

9. Defendant, Blatt, Hasenmiller, Leibsker, & Moore LLC ("Blatt) is a collection law firm headquartered in the city of Chicago, engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a(6). Blatt is engaged in the business of collecting defaulted consumer debts in this State where it regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, and whose principal purpose is the collection of defaulted consumer debts using the mails and telephone.

**ANSWER: Defendant objects to the allegations of paragraph 9 of Plaintiff's Complaint to the extent they are not directed at PRA. If a response is deemed necessary, Defendant admits that Blatt is a law firm. Upon reasonable inquiry, the knowledge and information available to Defendant renders it unable to admit the truth or falsity of the remaining allegations in paragraph 9 of Plaintiff's Complaint.**

10. In the year previous to the filing of this complaint, Blatt has filed more than 1000 collection lawsuits in the Cook County Circuit Court to collect defaulted consumer debts.

**ANSWER:** Defendant objects to the allegations of paragraph 10 of Plaintiff's Complaint to the extent they are not directed at PRA. If a response is deemed necessary, Defendant states that upon reasonable inquiry, the knowledge and information available to Defendant renders it unable to admit the truth or falsity of the allegations in paragraph 10 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

11. According to PRA, Plaintiff incurred a debt for the purchase of goods and services used for personal purposes, originally for a Chase Bank USA, N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER:** Defendant objects to the allegations of paragraph 11 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant admits that Plaintiff incurred an outstanding account balance owed to Chase Bank. Upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity of the remaining allegations of paragraph 11 of Plaintiff's Complaint because Defendant is without knowledge or information sufficient to form a belief as to purpose for which Plaintiff incurred the amount which it sought to collect.

12. According to PRA, it purchased the alleged debt after default.

**ANSWER:** Defendant admits that it purchased Plaintiff's Chase Bank account. Defendant objects to the remaining allegations of paragraph 12 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant admits that Plaintiff's outstanding account balance owed to Chase Bank went into default. Upon reasonable inquiry, the information known and readily

130992098v1 0968172

available to Defendant renders it unable to admit the truth or falsity of the remaining allegations of paragraph 12 of Plaintiff's Complaint because Defendant is without knowledge or information sufficient to form a belief as to purpose for which Plaintiff incurred the amount which it sought to collect.

13. Thereafter, PRA hired Blatt to collect the alleged debt from Plaintiff.

**ANSWER:** Defendant admits that it hired Blatt to collect upon Plaintiff's Chase Bank account. Defendant objects to the remaining allegations of paragraph 13 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant states that upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity of the remaining allegations of paragraph 13 of Plaintiff's Complaint because Defendant is without knowledge or information sufficient to form a belief as to purpose for which Plaintiff incurred the amount which it sought to collect.

14. PRA authorized, directed and ratified Blatt's actions taken in connection with the collection of the alleged debt from Plaintiff.

**ANSWER:** Defendant objects to the allegations of paragraph 14 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies that the allegations in paragraph 14 of Plaintiff's Complaint accurately characterize the nature and scope of the relationship between Defendant and Blatt.

15. On December 10, 2013, PRA filed a lawsuit to collect the alleged debt from Plaintiff in the Circuit Court of Cook County, Illinois, titled *Portfolio Recovery Associates, LLC v. Michael P. Riley*, Case No. 13 M1 168370 ("State Action"). (Exhibit C, Complaint).

**ANSWER:** Upon information and belief, Defendant admits that Blatt filed a lawsuit in the Circuit Court of Cook County, Illinois, titled *Portfolio Recovery Associates, LLC v. Michael P. Riley*, Case No. 13 M1 168370 on its behalf to collect Plaintiff's Chase Bank account on or around December 10, 2013. Upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity of the remaining allegations of paragraph 15 of Plaintiff's Complaint because Defendant is without knowledge or information sufficient to form a belief as to purpose for which Plaintiff incurred the amount which it sought to collect.

16. Plaintiff does not owe the money PRA attempted to collect from him.

**ANSWER: Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.**

17. On January 14, 2014, Plaintiff caused a letter to be served on PRA indicating that he disputed owing the alleged debt, which PRA received on January 14, 2014. (Exhibit D, Letter).

**ANSWER: Defendant admits that on or around January 16, 2014, it received correspondence from Plaintiff stating, "I do not owe the debt you are trying to collect from me in the amount you are seeking to collect. Please provide me with an itemization." Defendant denies any remaining allegations in paragraph 17 of Plaintiff's Complaint.**

18. PRA nonetheless continued to attempt to collect the alleged debt via litigation.

**ANSWER: Defendant objects to the form of the allegations of paragraph 18 of Plaintiff's Complaint, as they assume the validity of Plaintiff's previous allegation. If a response is required, Defendant denies that the allegations of paragraph 18 of Plaintiff's Complaint accurately and completely characterize the nature and scope of its attempts to collect the Plaintiff's account. Defendant denies any remaining allegations in paragraph 18 of Plaintiff's Complaint.**

130992098v1 0968172

19. Plaintiff hired and paid counsel to represent him in the State Action.

**ANSWER: Defendant objects to the allegations of paragraph 19 of Plaintiff's Complaint to the extent they are not directed at PRA. If a response is deemed necessary, Defendant admits that counsel appeared for Plaintiff Michael Riley in the collection case filed against him. Defendant states that upon reasonable inquiry, the knowledge and information available to Defendant renders it unable to admit the truth or falsity of the remaining allegations in paragraph 19 of Plaintiff's Complaint.**

20. On February 25, 2014, Plaintiff's counsel filed a Motion to Dismiss the State Action.

**ANSWER: Upon information and belief, Defendant admits the allegations in paragraph 20 of Plaintiff's Complaint.**

21. On March 10, 2014, Plaintiff's Motion was granted and PRA's complaint was dismissed with leave to replead. (Exhibit E, Order).

**ANSWER: Upon information and belief, Defendant admits the allegations in paragraph 21 of Plaintiff's Complaint.**

22. On April 28, 2014, PRA filed an Amended Complaint.

**ANSWER: Upon information and belief, Defendant admits the allegations in paragraph 22 of Plaintiff's Complaint.**

23. During the course of the State Action litigation, PRA refused to engage in discovery relating to its alleged ownership of the alleged debt, and the basis for its claim that Plaintiff owes the alleged debt. In fact, PRA refused to respond to any of the Interrogatories, Requests to Produce, and Requests to Admit served by Plaintiff.

**ANSWER: Defendant denies that the allegations of paragraph 23 of Plaintiff's Complaint accurately and completely characterize the nature and scope of the proceedings and its actions in the collection case filed again Plaintiff Michael Riley.**

130992098v1 0968172

24. On September 18, 2014, Plaintiff filed a Motion for Summary Judgment on the basis that he did not owe the obligation sought to be collected by PRA in the State Action.

**ANSWER: Upon information and belief, Defendant admits that Plaintiff filed a motion for summary judgment in the state court collection action on or around September 18, 2014. Defendant denies that the allegations of paragraph 24 of Plaintiff's Complaint accurately and completely characterize the nature and scope of the aforementioned motion, which Plaintiff fails to attach to the instant complaint.**

25. On December 2, 2014, Plaintiff's Motion for Summary Judgment was granted, judgment was entered in favor of Plaintiff, and the State Action was dismissed with prejudice and "on the merits". (Exhibit F, Order).

**ANSWER: Upon information and belief, Defendant admits that on December 2, 2014, the state court judge entered an order granting Plaintiff's motion for summary judgment. Defendant states that upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity of who inserted the phrases "on the merits" and "with prejudice" on this form order. Defendant denies that it did so or directed anyone to do so on its behalf. Defendant denies any remaining allegations in paragraph 25 of Plaintiff's Complaint.**

26. On December 2, 2014, a judgment was entered in the State Action Court in favor of Plaintiff, confirming that he did not owe the alleged debt that PRA attempted to collect from Plaintiff.

**ANSWER: Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.**

27. Defendants' actions taken in connection with the collection of the alleged debt, detailed above and all taken within the last year, violated the FDCPA.

**ANSWER:** Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . (2) The false representation of--
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> . . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

**ANSWER:** Defendant admits that the language recited in paragraph 28 of Plaintiff's Complaint recites a portion of the FDCPA but denies that Plaintiff has any such claim herein.

29. On and after January 14, 2014, PRA knew that Plaintiff had disputed that he owed the alleged debt, because Plaintiff had notified PRA of said dispute by letter received by PRA on January 14, 2014.

**ANSWER:** Defendant admits that on or around January 16, 2014, it received correspondence from Plaintiff stating, "I do not owe the debt you are trying to collect from me in the amount you are seeking to collect. Please provide me with an itemization." Defendant denies any remaining allegations in paragraph 29 of Plaintiff's Complaint.

30. Even though PRA knew or should have known, on and after January 14, 2014, that Plaintiff did not owe the alleged debt, PRA repeatedly updated credit information that it was communicating to the Equifax, Experian, and TransUnion credit reporting agencies, on a monthly

basis after receiving the letter from Plaintiff, so that Equifax, Experian, and TransUnion would report (and did report) that Plaintiff owed $35,173 to PRA, in violation of 15 U.S.C. § 1692e(8).

**ANSWER: Defendant objects to the form of the allegations of paragraph 30 of Plaintiff's Complaint, as they assume the validity of Plaintiff's previous allegation. If a response is required, Defendant denies that the allegations in paragraph 30 of Plaintiff's Complaint accurately and completely characterize the nature and scope of the information it furnished to the credit bureaus.**

31. PRA and Blatt's efforts to collect the alleged debt, via letters sent to Plaintiff and litigation in the State Action, also violated 15 U.S.C. § 1692e(2), as Plaintiff did not owe the money Defendants attempted to collect from him.

**ANSWER: Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.**

32. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law…

**ANSWER: Defendant admits that the language recited in paragraph 32 of Plaintiff's Complaint recites a portion of the FDCPA but denies that Plaintiff has any such claim herein.**

33. PRA and Blatt's efforts to collect the alleged debt, via letters sent to Plaintiff and litigation in the State Action, also violated 15 U.S.C. §§ 1692f and f(1), as there was no basis—legal nor contractual—which could support the collection of the alleged debt from Plaintiff.

**ANSWER:** Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** **Defendant objects to the allegations of paragraph 34 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies that the allegations in paragraph 34 of Plaintiff's Complaint completely and accurately characterize the law.**

35. PRA is liable for the acts and omissions of Blatt, committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

**ANSWER:** **Defendant objects to the allegations of paragraph 35 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.**

### COUNT I–FAIR DEBT COLLECTION PRACTICES ACT—PRA AND BLATT

36. Plaintiff re-alleges paragraphs 1-35 as if set forth fully in this count.

**ANSWER:** **Defendant restates and realleges each of its responses to the preceding paragraphs as if fully restated and realleged herein.**

37. PRA communicated false credit information, in violation of 15 U.S.C. § 1692e(8), when it communicated to the Equifax, Experian and TransUnion credit reporting agencies that Plaintiff owed $35,173.00 to PRA, when he did not owe said money to PRA.

**ANSWER:** **Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.**

38. PRA and Blatt falsely represented the character, amount, and legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2), when they falsely communicated to Plaintiff that he owed $35,173.00 to PRA, via acts taken in litigation and via letter.

**ANSWER:** **Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.**

39. PRA and Blatt unfairly attempted to collect an amount from Plaintiff neither authorized by any agreement creating the alleged debt, nor allowed by law, in violation of 15 U.S.C. §§ 1692f and f(1), when they falsely attempted to collect $35,173.00 from Plaintiff, via acts taken in litigation and via letter.

**ANSWER:** **Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.**

40. Plaintiff suffered actual damages as the result of Defendants' actions, including financial loss and emotional distress.

**ANSWER:** **Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.**

### COUNT II – ILLINOIS COLLECTON AGENCY ACT-PRA

41. Plaintiff incorporates paragraph 1-40.

**ANSWER:** **Defendant restates and realleges each of its responses to the preceding paragraphs as if fully restated and realleged herein.**

42. This claim is against PRA.

**ANSWER:** Defendant objects that Plaintiff does not provide any allegation of fact that it can provide a response to. If a response is required, Defendant denies that Plaintiff has a valid claim against it.

43. PRA is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:** Defendant admits in certain circumstances and in certain instances it acts as a debt collection agency in Illinois. Defendant denies any remaining allegations in paragraph 43 of Plaintiff's Complaint.

44. PRA holds an Illinois Collection Agency license.

**ANSWER:** Defendant admits that it licensed by the Illinois Division of Professional Regulation as a collection agency. Defendant denies any remaining allegations in paragraph 44 of Plaintiff's Complaint.

45. PRA violated the following provision of 225 ILCS 425/9:

. . .(2) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .

. . . (26) Misrepresenting the amount of the claim or debt alleged to be owed.

**ANSWER:** Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. A private right of action exists for violation of the ICAA against Defendants, *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:** Defendant objects to the allegations of paragraph 46 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is required, Defendant denies that the allegations in paragraph 46 of Plaintiff's Complaint completely and accurately characterize the law.

47. Plaintiff suffered actual damages as a result of PRA's actions, including loss of time and money by having to hire an attorney, and for having to file and pay for an Appearance and attorney fees in the State Action.

**ANSWER: Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense – Bona Fide Error*

The federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") provides a complete affirmative defense often referred to as the "bona fide error defense" at section 1692k(c). *See Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 537 (7th Cir. 2005); *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997). Section 1692k(c) of the Act states:

> A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. 1692k(c).

Plaintiff's Complaint alleges violation of the FDCPA because he forwarded correspondence to Defendant dated January 14, 2014 stating, "I do not owe the debt you are trying to collect from me in the amount you are seeking to collect. Please provide me with an itemization." Plaintiff claims that this proves he did not owe the account at issue, and therefore, Defendant attempted to collect an amount he did not owe. Plaintiff further alleges that Defendant furnished inaccurate information to the credit bureaus because, again, Plaintiff's January 14 correspondence to Defendant somehow proved that he did not owe the account at issue.

While PRA has denied any such violation in its answer, it states in the alternative under Rule 8(d)(2), that if any such violation occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Specifically, PRA affirmatively states that it maintains procedures and protocols to comply with and conform to the requirements of the FDCPA and the authority interpreting the FDCPA. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as the one alleged in this case.

Here, PRA relied, in good faith, upon the law firm it retained to comply with state court procedural rules and requirements, including but not limited to, compliance with discovery deadlines set by the state court. Further, PRA has in place detailed procedures for dealing with any and all consumer disputes which involve investigation of each dispute and communication with the debtor regarding the dispute, in an attempt to resolve the same. PRA followed these procedures here.

PRA's employees are similarly trained to comply with all of the foregoing policies and PRA's training procedures are extensive, thorough and reasonably adapted to prevent its collectors from violating its policies or the FDCPA. Therefore, any alleged violation of 15 U.S.C. §1692 occurred as a result of a bona fide error.

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., respectfully requests that judgment be entered in its favor and against Plaintiff, that Defendant be awarded its costs and fees incurred herein, and that this Court enter such further relief as is just, necessary and proper.

Respectfully submitted,

PORTFOLIO RECOVERY ASSOCIATES, L.L.C., Defendant

/s/ *Avanti D. Bakane*
Avanti D. Bakane

David M. Schultz
Avanti D. Bakane
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL  60601-1081

130992098v1 0968172

Telephone: 312-704-3000
E-mail: abakane@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 23, 2015, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Answer and Affirmative Defenses to Plaintiff's Complaint** by using the CM/ECF system, which will send notification of such filing(s) to:

M. Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
20 North LaSalle Street
Suite 3100, Chicago, IL 60602
E-mail: mario.kasalo@kasalolaw.com

                /s/ *Avanti D. Bakane*

130992098v1 0968172