IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | No. 14 C 9819 |
| LLC and BLATT, HASENMILLER, | ) | |
| LEIBSKER & MOORE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On December 8, 2014, plaintiff Michael Riley ("Riley") filed a two-count complaint ("Complaint") (Dkt. No. 1 ("Compl.")) alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA) in Count I and the Illinois Collection Agency Act, 225 ILCS § 425/1, *et seq.* ("ICA") in Count II. Before the court is defendant Blatt, Hasenmiller, Leibsker & Moore, LLC's ("BHLM") motion to dismiss Riley's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 23.) On April 1, 2015, despite already filing an answer (Dkt. No. 31) to Riley's Complaint, defendant Portfolio Recovery Associates, LLC ("PRA") filed a motion (Dkt. No. 39) requesting to join BHLM's motion to dismiss because "[t]he arguments contained in BHLM's Motion to Dismiss are also applicable to PRA." (*Id.* ¶ 4.) For the reasons explained below, BHLM's motion to dismiss Riley's Complaint (Dkt. No. 23) is denied and PRA's motion to join (Dkt. No. 39) BHLM's motion to dismiss is moot.

FACTUAL BACKGROUND

PRA is a Delaware limited liability company with its principal place of business in Norfolk, Virginia. (Compl. ¶ 4, Dkt. No. 1-1 at 7.) PRA is a "debt collector" within the meaning of the FDCPA because it is in the business of purchasing defaulted consumer credit card accounts from banks and then attempting to recover those debts from account holders. (Compl. ¶ 4 (citing 15 U.S.C. § 1692a(6)).) BHLM is a collection law firm headquartered in Chicago, Illinois. (Compl. ¶ 9.) Like PRA, BHLM is a "debt collector" within the meaning of the FDCPA because BHLM engages in the business of collecting defaulted consumer debts on behalf of its clients. (*Id.* ¶ 9.)

On December 10, 2013, BHLM filed a complaint in the Circuit Court of Cook County, Illinois, on behalf of its client, PRA, against Riley. (Compl. ¶ 15); *see also Portfolio Recovery Assoc.* v. *Riley*, No. 13 M1 168370 (the "State Court Action"). The state court complaint alleged that Riley had an unpaid credit card balance of $35,173.09 and that PRA was the credit card issuer's "successor in interest." (Dkt. No. 1-1 at 6.) On January 14, 2014, Riley faxed a letter to PRA stating that he did not owe the debt PRA and BHLM were seeking to collect. (Compl. ¶ 17; Dkt. No. 1-1 at 9.) Riley's letter further requested "an itemization" of his purported debt. (*Id.*) After receiving Riley's letter, PRA and BHLM continued their attempts to collect the debt through the State Court Action and through letters to Riley. (Compl. ¶ 18.) PRA also reported Riley's alleged debt as delinquent to Equifax, Experian, and TransUnion (collectively, the "Credit Reporting Agencies") on a monthly basis throughout the duration of the State Court Action. (*Id.* ¶ 30.)

On February 25, 2014, Riley's newly hired counsel filed a motion to dismiss PRA's state court complaint. (*Id.* ¶¶ 19-20.) The state court granted Riley's motion to dismiss but allowed

PRA to file an amended complaint. (*Id.* ¶ 21.) On September 18, 2014, Riley filed a motion for summary judgment "on the basis that he did not owe the obligation" PRA and BHLM sought to collect. (*Id.* ¶ 24.) On December 2, 2014, the state court granted Riley's motion and dismissed the state court complaint "with prejudice and on the merits." (*Id.* ¶ 25.)

On December 8, 2014, Riley filed his Complaint in this case alleging PRA and BHLM violated the FDCPA by communicating false credit information to the Credit Reporting Agencies, by falsely representing the character, amount, and legal status of the alleged debt in their statements to Riley and in their state court pleadings, and by attempting to collect the alleged debt from Riley based on false representations. (Compl. ¶¶ 36-39.) Riley further alleges that PRA violated that ICA when it misrepresented the debt Riley allegedly owed and attempted to collect that debt despite knowing that it had no right to do so. (*Id.* ¶¶ 41-47.) BHLM has moved to dismiss Riley's FDCPA claim pursuant to Rule 12(b)(6) and PRA has moved to join BHLM's motion.

LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint's allegations need only to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th

Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

ANALYSIS

BHLM seeks to dismiss Riley's FDCPA claim on the basis that (i) Riley failed to comply with the debt dispute period specifically provided by the FDCPA, (ii) BHLM and PRA's loss of the underlying collection case does not create a separate cause of action, and (iii) Riley failed to pursue sanctions or an award of attorneys' fees through the procedures set forth in either the Illinois Supreme Court Rules or the Illinois Rules of Civil Procedure. (Dkt. No. 24 at 1-2.) The court addresses each argument below.

BHLM first argues that Riley's Complaint must be dismissed because he failed to comply with the dispute period set forth in the FDCPA, which according to BHLM requires Riley to dispute his alleged debt within 30 days "from the date when the initial communication was sent." (Dkt. No. 24 at 3.) BHLM filed PRA's complaint on December 10, 2013 and Riley did not fax his dispute letter until January 14, 2014—35 days later.[1] As a threshold matter, BHLM mischaracterizes the FDCPA's 30-day dispute period. Although the FDCPA does indeed provide a 30-day window during which a consumer may dispute the validity of a debt, the 30-day clock

---

[1] BHLM also states that Riley admits in his Complaint that he did not deny or dispute owing the debt at any time prior to BHLM initiating the State Court Action. (Dkt. No. 24 at 4) (citing Compl. ¶¶ 15, 17). The court has reviewed the cited portions of Riley's Complaint and finds nothing to support BHLM's assertion other than the fact that Riley's Complaint does not mention any pre-suit communication by BHLM or PRA. So if there was in fact no pre-suit communication by either BHLM or PRA, Riley's failure to dispute the then unasserted debt is technically true.

starts upon a consumer's "receipt of the notice," 15 U.S.C. § 1692g(a)(3), not the date on which a debt collector "sends" the collection notice. The court is required to draw all possible inferences in Riley's favor and, in this case, it is certainly possible that Riley did not receive a copy of BHLM's state court complaint until at least December 15, 2013 (making his January 14, 2014 fax timely). The court need not draw such an inference, however, because Riley's purported failure to comply with the 30-day dispute period does not insulate BHLM from liability. Section 1692g provides a safe harbor only for consumers; it is not, as BHLM apparently asserts, a precondition to an FDCPA lawsuit. If a consumer disputes a debt within the 30-day period, a debt collector must cease collection of the debt until the debt collector verifies the accuracy of the debt and the identity of the debtor. 15 U.S.C. § 1692g(b). The failure of a consumer to dispute the validity of a debt is not an admission of liability, 15 U.S.C. § 1692g(c), and similarly does not excuse a debt collector from liability for the conduct alleged in Riley's Complaint: making false representations in support of an attempt to collect a debt. Accordingly, even if Riley did not dispute the validity of the $35,173.09 debt within 30 days of receiving BHLM's state court complaint, his failure to do so is not a valid basis for the dismissal of his FDCPA claim.

BHLM next argues that Riley's Complaint must be dismissed because "losing or voluntarily dismissing a collection case does not by itself create an FDCPA claim against the creditor and its attorneys." (Dkt. No. 24 at 5.) BHLM is correct; merely losing a collection lawsuit in state court does not give rise to an FDCPA claim in federal court. *See Krawczyk* v. *Centurion Corp.*, No. 06 C 6273, 2009 WL 395458, at *9 (N.D. Ill. Feb. 18, 2009) (Dow, J.) ("Losing or voluntarily dismissing a collection case does not by itself create an FDCPA claim against the creditor and its attorneys."); *see also St. John* v. *CACH, LLC*, No. 14 C 0733, 2014

WL 3377354, at *3 (N.D. Ill. July 8, 2014) (St. Eve, J.) ("FDCPA claims cannot be based on violations of the Illinois state pleading requirements"); *Manlapaz* v. *Unifand CCR Partners*, No. 08 C 6254, 2009 WL 3015166, at *5 (N.D. Ill. Sept. 15, 2009) (Hibbler, J.) ("A claim alleging insufficient state-court pleadings is controlled by state procedural and evidentiary law and is not a valid claim under the FDCPA.").

BHLM's argument and case law, however, miss the mark. Riley's claim is not based on the outcome of the State Court Action or any alleged violation of the Illinois pleading rules. His claim is based on BHLM's and PRA's false representations concerning the $35,173.09 debt throughout the State Court Action. It is well-established among the judges in this district that "[a] valid FDCPA claim exists if a defendant makes a false or misleading statement relating to the collection of a debt whether the statement was made in a state court complaint or during state court litigation." *St. John*, 2014 WL 3377354, at *3; *Grant-Hall* v. *Cavalry Portfolio Serv., LLC*, 856 F. Supp. 2d 929, 944 (N.D. Ill. 2012) (Feinerman, J.) ("The filing of a legally defective debt collection suit can violate § 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt."); *Jenkins* v. *Centurion Cap. Corp.*, No. 07 C 3838, 2007 WL 4109235, *2 (N.D. Ill. Nov. 15, 2007) (Darrah, J.) ("[P]resent Seventh Circuit case law does not preclude a claim based on a false representation in a state-court complaint under the FDCPA."). Riley's Complaint alleges that BHLM repeatedly made false representations regarding the character, amount, and legal status of the alleged debt throughout the State Court Action, and that is sufficient to state a claim under the FDCPA's prohibition against using "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Riley also has an independent § 1692e claim, unaddressed by any party, based on PRA's alleged false representations to the Credit Reporting Agencies. *See* 15 U.S.C. § 1692e(8).

BHLM finally argues that Riley is barred from pursuing his FDCPA claim because he failed to seek sanctions or an award of attorneys' fees through the procedures set forth in either the Illinois Supreme Court Rules of the Illinois Rules of Civil Procedure. (Dkt. No. 24 at 1-2.) In other words, BHLM argues that Riley's FDCPA claim is a compulsory counterclaim that is now barred because Riley failed to raise it as part of the State Court Action. BHLM did not supply any case law in support of its assertion and ultimately abandoned the position in its reply brief. (Dkt. No. 34 at 5 ("BHLM has not alleged that Plaintiff was required to bring a counterclaim alleging violations of the FDCPA").) Indeed, as BHLM apparently acknowledges, "[a]ny such argument would fail . . . because unlike the federal courts, Illinois does not have a compulsory counterclaim rule." *Osborn* v. *J.R.S.-I., Inc.*, 949 F. Supp. 2d 807, 811 (N.D. Ill. 2013) (Holderman, J.) (citations and internal quotations omitted).

## CONCLUSION

For the reasons explained above, defendant BHLM's "motion in [sic] to dismiss pursuant to Fed. R. Civ. P. 12(B)(6)" [23] is denied. Defendant PRA's procedurally improper "unopposed motion for leave to join" BHLM's motion to dismiss [39] is likewise denied as moot. PRA has already filed an answer. BHLM shall file its answer to plaintiff Michael Riley's Complaint by 4/21/2015. The court requests that counsel for all parties meet and confer pursuant to Rule 26(f). The court further requests that counsel file a joint form 52 by 5/1/2015. This case is set for a report on status and entry of a scheduling order on 5/7/2015 at 9:00 a.m. The parties are encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: April 7, 2015